THOMAS ROSS, p. b. *vs.* WILLIAM JACOBS, late Constable, d. b. appellant.

An action will not lie by the plaintiff in an older execution in the hands of a constable, against another constable holding and selling on a younger execution and misapplying the proceeds. There is no *privity* between such plaintiff and constable.

Neither does the act of 6th February, 1833, giving a summary remedy against constables, apply to such a case.

Such an action would lie between the two constables.

And the act of 1833, would avail the plaintiff in the older execution, as against the constable holding that execution.

CERTIORARI.

This was an action against Jacobs, a constable, for the proceeds of the sale of goods sold on a younger execution in his hands, and which were applicable to plaintiff's execution in the hands of another constable.

The exception was to the jurisdiction of the justice.

The summons was for William Jacobs to appear on &c., at &c., " to answer to Thomas Ross, touching a cause of action wherein $21 94 is demanded;" and the docket of the action was against William Jacobs, *late constable,* on account of the sale of James Hudson's goods, that Thomas Ross had levied on by virtue of an execution, and the proceeds of the sale not applied to Thomas Ross' execution; debt $21 94.

*Per Curiam.*—The proceeding against Jacobs is not under the act

of 1833, giving a summary remedy against constables in certain cases, for Jacobs was not the constable who had Ross' execution in hand, and the remedy under that act is *for the plaintiff* in the execution, and *against the constable* having it in hand. Neither is the mode of proceeding under that act pursued.

This is, therefore, an original proceeding by the plaintiff in an older execution, against a constable selling under a younger execution, for the proceeds of such sale. Will such an action lie? Is it money had and received to the plaintiff's use? and if so, is there such privity between the plaintiff, (the older execution creditor,) and the constable, to enable him to sustain the action for money had and received? We think the case fails in this particular. What privity can there possibly be between Thomas Ross and William Jacobs?

Ross' constable, might have maintained an action for money had and received for his use by Jacobs. As between the two constables there is such a privity as that the law would raise a promise by the constable holding the junior execution, to the constable having the older levy, to pay him the proceeds.

So Ross might have proceeded against his own constable, under the act of 1833, but he has no remedy against Jacobs, between whom and him there is no privity.

Judgment reversed.